Hillsborough,  
Oct. 2, 1928.

GEO. H. McNAMARA TIRE CO. *v.* EDWARD F. PILLSBURY & a.

*James A. Broderick* (by brief and orally), for the plaintiff.

*Maurice F. Devine* and *John E. Tobin* (*Mr. Tobin* orally), for the defendants.

ALLEN, J. It is the plaintiff's theory that the proceeds of its property, being added to the assignor's own funds and used for his own purposes, increased to their extent the amount and value of the assets in the assignee's hands, and that it and the general creditors are equitably treated if it receives such increase, since, as it claims, the general creditors will thus receive all they would if there had been no conversion by the assignor. The plaintiff does not claim that any definite items or part of such assets were bought with the proceeds of its property, but takes the position that the use of the proceeds in the general course of the assignor's business shows a sufficient following to impress the assets in the assignee's hands in their entirety with a trust in its favor.

The claim that the assets in the assignee's hands are enhanced in value by the amount of the assignor's conversion carries an assertion

unsupported by the findings. The situation is on all fours with that in *Bank Commissioners* v. *Company*, 70 N. H. 536, in which the court says (*p.* 550): "A claimant who seeks a preference by reason of a trust is called upon to prove the existence of the trust . . . proof by the claimants that the defendants, acting in a fiduciary capacity, collected money for them a year or six months, or a longer or shorter time before the appointment of the assignee, does not prove that the money or property into which it may have been converted was on hand at the time the assignee took possession, nor that the estate as a whole was then larger or more valuable than it would have been otherwise. The money may have been lost, [or] used in the payment of expenses or debts. . . ." "If it does not appear . . . that the assignee received the money or property in which it [the property converted] was ultimately invested, the claimant must fall back on his rights as an ordinary creditor." *Ib., p.* 551.

No convincing argument is made for altering or modifying this test. So far as the cases in other jurisdictions cited by the plaintiff do not apply it, they cannot be regarded as authority here. While it may not be necessary to follow the use of money charged with a trust into the purchase of, or investment in, particular items of a general mass of property, it must at least appear that it went into the acquisition of the mass.

Evidence here is wholly lacking to show that any separate items, or any unseparated portion, of the assets received by the assignee were acquired directly or indirectly through the assignor's use of the proceeds of the plaintiff's property. All of such proceeds may have been used to pay debts, lost in the conduct of the business, or withdrawn from use in the business to other purposes of the assignor. For all that appears the assets coming into the assignee's possession would have been as much in amount and cost if there had been no conversion.

*Exception overruled.*

PEASLEE, C. J., was absent: the others concurred.